

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        v.

LINDA J. JONES AND LESLIE H. KNOX,

                    Defendants.

APR 1 9 2011

07 Civ. 957 (DNH) (GHL)

## FINAL JUDGMENT AS TO DEFENDANT LINDA J. JONES

    The Securities and Exchange Commission having filed a Complaint and Defendant Linda J. Jones ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1, 240.13b2-2] by:

    (a)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)];

    (b)    falsifying, or causing to be falsified, directly or indirectly, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)];

    (c)    making or causing to be made, a materially false or misleading statement to an accountant in connection with:

        (i)    an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

        (ii)    the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act [15 U.S.C. § 78m];

    (d)    omitting to state, or causing another person to omit to state, any material fact

3

necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(i)     an audit, review, or examination of the financial statements of an issuer required to be made under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

(ii)    the preparation or filing of any document or report required to be filed with the Commission under Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

(e)    taking any action, directly or indirectly, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of an issuer that are required to be filed with the Commission under Section 13 of the Exchange Act [15 U.S.C. § 78m] or otherwise if that person knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by knowingly providing substantial assistance to any person who,

4

directly or indirectly, uses any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by knowingly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [12 U.S.C. § 78l] that:

    (a)    fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

    (b)    files with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules

and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by knowingly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [12 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that:

(a)   fails to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)   fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)   transactions are executed in accordance with management's general or specific authorization;

(2)   transactions are recorded as necessary to permit preparation of financial

6

statements in conformity with generally accepted accounting principles, or

any other criteria applicable to such statements, and to maintain

accountability for assets;

(3)    access to assets is permitted only in accordance with management's

general or specific authorization; and

(4)    the recorded accountability for assets is compared with the existing

assets at reasonable intervals and appropriate action is taken with respect

to any differences.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $11,250.00, representing illicit profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,866.86,

for a total of $18,116.86. Defendant shall satisfy this obligation by paying $18,116.86 in four

(4) installments according to the following schedule: (1) $4,529.23 within 14 days of the entry of

this Final Judgment; (2) $4,529.21 within 180 days of the entry of this Final Judgment plus post-

7

judgment interest pursuant to 28 U.S.C. § 1961; (3) $4,529.21 within 270 days of the entry of

this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $4,529.21

within 360 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28

U.S.C. § 1961. Defendant shall make such payments by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange Commission. The

payments shall be delivered or mailed to the Office of Financial Management, Securities and

Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,

Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Linda J. Jones as a

defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant

shall simultaneously transmit photocopies of such payments and letters to Ken C. Joseph,

Assistant Regional Director, United States Securities and Exchange Commission, 3 World

Financial Center, Room 400, New York, New York 10281. If Defendant fails to make any

payment by the date ordered and/or in the amount ordered according to the schedule set forth

above, all outstanding payments under this Final Judgment, including post-judgment interest,

minus any payments, shall become due and payable immediately without further application to

the Court. Defendant shall further pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this

paragraph to the United States Treasury.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of

Defendant Linda J. Jones is incorporated herein with the same force and effect as if fully set

forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _Apr. 19, 2011_
_Utica, N.Y._

_____
UNITED STATES DISTRICT JUDGE

9